**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRITTANY ANNONI

    Plaintiff,

v.

COREWELL HEALTH D/B/A BEAUMONT HEALTH,

    Defendants.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
Attorneys for Plaintiff
340 Beakes St., Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com

---

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Brittany Annoni ("Plaintiff"), by and through her undersigned attorneys, and states the following:

**INTRODUCTION**

1. Corewell Health d/b/a Beaumont Health ("Defendant") deliberately flouted Title VII of the Civil Rights Act of 1964 ("Title VII") and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") by denying Plaintiff's religious accommodation requests to be exempt from Defendant's vaccine policy before withdrawing her offer of employment. This occurred despite the Equal Employment Opportunity

1

Commission ("EEOC") telling employers to "ordinarily assume that an employee's request for religious accommodation is based on sincerely held religious belief, practice, or observance."  Defendant ignored the EEOC's warning that employers "should not assume that an employee is insincere simply because some of the employee's practices deviate from the commonly followed tenets of the employee's religion, or because the employee adheres to some common practices but not others" and withdrew Plaintiff 's employment offer based on Defendant's subjective standard of religiosity.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Brittany Annoni is an individual who resides in Corunna, Shiawassee County, Michigan.

3. Defendant Corewell Health d/b/a Beaumont Health, is a domestic for-profit corporation incorporated in Southfield, Oakland County, Michigan.

4. The Eastern District of Michigan has jurisdiction over the Title VII of the Civil Rights Act of 1964 ("Title VII") claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the Elliott-Larsen Civil Rights Act ("ELCRA") claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(1) because it is the judicial district in which Defendant is incorporated and where the events described in this Complaint took place.

6. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue from the EEOC on March 28, 2025.

## FACTUAL ALLEGATIONS

### Defendant's Mandatory Vaccine Policy

7. Defendant institutes a vaccination policy that requires its employees to receive certain vaccinations as a condition of their employment (the "Vaccine Policy").

### Plaintiff's Religious Accommodation Request

8. In January 2025, Defendant offered Plaintiff employment in the position of Telehealth Nurse.

9. The position of Telehealth Nurse was an entirely remote position, and Plaintiff would never have come into physical contact with patients or Defendant's other employees.

10. Plaintiff accepted Defendant's offer of employment and completed the appropriate onboarding paperwork.

11. Defendant issued Plaintiff an employee badge.

12. Plaintiff was to begin her position as Telehealth Nurse on January 27, 2025.

13. Prior to Plaintiff's start date, she applied for a religious accommodation

3

to Defendant's Vaccine Policy.

14. Plaintiff submitted to Defendant a letter titled "Assertion of Religious Exemption to Vaccination" in which she explained her religious beliefs and how they conflicted with the Vaccine Policy (the "Exemption Letter").

15. The Exemption Letter stated that Plaintiff considers receiving vaccines as "against the word of [her] God" and that she believes that her body "is a temple for the Holy Spirit" for which she has a "God-given responsibility" to protect from anything that might "defile" it.

16. The Exemption Letter explains that vaccines are "unclean" and that to receive vaccination would be to defile her body in contravention of "God's law."

17. Plaintiff included in the Exemption Letter multiple references to Biblical scripture to support her religious beliefs.

18. The Exemption Letter includes suggestions for reasonable accommodations to the Vaccine Policy.

19. Defendant never discussed reasonable accommodations, such as testing or wearing a mask, in the spirit of "bilateral cooperation." *Ansonia Bd. of Educ. v. Philbrook,* 479 U.S. 60, 69, (1986).

20. Under the law, religious practices "*include moral or ethical beliefs as to what is right and wrong* which are sincerely held with the strength of traditional religious views." 29 C.F.R. § 1605.1.

4

21. Defendant assumed insincerity when the opposite should have been true – see Guidance, *supra* ("*[T]he employer should ordinarily assume* that an employee's request for religious accommodation is based on sincerely held religious belief, practice, or observance.")

22. The fact that an employee submits to some vaccines but not others in no way negates the sincerity of his or her beliefs. See *id.* ("[E]mployees need not be scrupulous in their observance."); *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 714 (1981) (holding that religious beliefs "need not be acceptable, logical, consistent, or comprehensible to others" to merit protection).

23. Examples of reasonable accommodations include wearing a mask, working "at a social distance" from others, working a modified shift, getting tested, and being given the opportunity to telework. U.S. EQUAL EMPL. OPPORTUNITY COMM'N, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (May 28, 2021).

24. "If the employer denies the employee's proposed accommodation, the employer should explain to the employee why the preferred accommodation is not being granted." *Id*.

25. Defendant did not explain to Plaintiff why her accommodation requests could not be granted.

26. Generally, the sincerity of an employee's religious beliefs "is not open

to question." *United States v Seeger*, 380 U.S. 163, 185 (1965). Title VII's statutory definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

27. Defendant evaded any sort of "bilateral cooperation," *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986). "Bilateral cooperation is appropriate in the search for an acceptable reconciliation of the needs of the employee's religion and the exigencies of the employer's business." *Id.*

28. Defendant's accommodation process was arbitrary.

29. Defendant did not explore available reasonable alternatives to the vaccine.

### Defendant Did Not Base Its Decision on Undue Hardship, Nor Could It Establish Undue Hardship

30. The prohibition against religious discrimination imposes a "duty" on employers to accommodate sincere religious beliefs, absent "undue hardship." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977).

31. The employer, not the employee, bears the burden of showing "that it is unable to reasonably accommodate the employee's religious beliefs without incurring undue hardship." *McDaniel v. Essex Intern., Inc.*, 571 F.2d 338, 341 (6th Cir. 1978).

32. An employer does not satisfy its burden of proving undue hardship "merely by showing that an accommodation would be bothersome to administer or

6

disruptive of the operating routine." *Draper v. United States Pipe & Foundry Co.*, 527 F.2d 515, 520 (6th Cir. 1975). The operative word is "undue," meaning that "something greater" than a mere hardship is required. *Id.*

33. Here, Defendant cannot satisfy its burden of proving undue hardship.

34. Defendant's allegations are based on religious animus rather than science.

35. Plaintiff was more than willing to comply with all safety protocols.

36. Plaintiff's role as Teleheath Nurse was entirely remote and she would never have come into contact with any patients or staff.

37. As a remote worker, it would have been impossible for Plaintiff's religious accommodation to present an undue hardship to Defendant.

**COUNT I**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.**
**RELIGIOUS DISCRIMINATION–FAILURE TO ACCOMMODATE**

38. Plaintiff restates the foregoing paragraphs as set forth fully herein.

39. Title VII prohibits an employer from discriminating against an employee "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). Title VII's definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

40. Plaintiff can establish a *prima facie* case of discrimination by showing (1) she holds sincere religious beliefs that conflict with an employment requirement;

(2) she informed her employer of same; and (3) she was discharged for failing to comply with the employment requirement." *Yeager v. FirstEnergy Generation Corp*, 777 F.3d 362, 363 (6th Cir. 2015).

41. Plaintiff holds sincere religious beliefs that conflict with Defendant's vaccine mandate.

42. Plaintiff informed Defendant of the same.

43. Plaintiff was discharged for failing to comply with the vaccine policy.

44. Defendant evaded any sort of "bilateral cooperation," *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986).

45. Defendant could have instituted multiple reasonable accommodations without undue hardship, including sanitizing, disinfecting, handwashing, respirator-wearing, and regular testing.

46. Defendant never explained why Plaintiff could not be accommodated.

47. Defendant never explained why no accommodations could have been made.

48. Due to her termination, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith; and Plaintiff will continue to suffer in the future.

49. Plaintiff has been denied employment, placed in financial distress,

8

suffered a loss of earnings and benefits, suffered a loss of health insurance coverage, and suffered a loss of and impairment of her earning capacity and ability to work.

50.    Defendant's actions were intentional and/or reckless.

## COUNT II
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*. <u>RELIGIOUS DISCRIMINATION–DISPARATE TREATMENT AND MIXED MOTIVE</u>

51.    Plaintiff restates the foregoing paragraphs as set forth fully herein.

52.    "To assert a successful claim of religious discrimination . . . a plaintiff must either present direct evidence of discrimination, or, in the absence of direct evidence, present a prima facie case of indirect discrimination by showing (1) they were a member of a protected class, (2) they experienced an adverse employment action (3) they were qualified for the position, and (4) they were replaced by a person outside of the protected class or were treated differently than similarly situated employees." *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007).

53.    Plaintiff espoused religious beliefs and is therefore a member of a protected class.

54.    Defendant directly discriminated against Plaintiff by withdrawing her job offer after she stated her sincerely held religious beliefs that conflicted with Defendant's subjected standard of religiosity.

55.    Defendant allowed other unvaccinated employees without Plaintiff's same religious beliefs to be exempted from Defendant's vaccine mandate policy.

9

56. It is undisputed that Plaintiff was qualified for her position.

57. Plaintiff was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite not being vaccinated.

58. Plaintiff's job offer was withdrawn, and she was replaced with employees of different religious beliefs.

59. Plaintiff's religious beliefs played a factor in Defendant's decision not to hire her.

60. Plaintiff suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the denial of her request, and will so suffer in the future.

## COUNT III
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA") RELIGIOUS ACCOMMODATION, DISPARATE TREATMENT, MIXED MOTIVE, AND INTENTIONAL DISCRIMINATION

61. Plaintiff restates the foregoing paragraphs as set forth fully herein.

62. Plaintiff holds sincere religious beliefs that conflict with Defendant's vaccine policy.

63. Plaintiff informed Defendant how these sincerely held religious beliefs conflicted with Defendant's vaccine policy.

64. "To assert a successful claim of religious discrimination . . . a plaintiff

10

must either present direct evidence of discrimination, or, in the absence of direct evidence, present a *prima facie* case of indirect discrimination by showing that the employee (1) was a member of a protected class; (2) experienced an adverse employment action; (3) was qualified for the position; and (4) was replaced by a person outside of the protected class or that the employee was treated differently than similarly situated employees." *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007).

65. Defendant directly discriminated against Plaintiff when it withdrew her job offer after she espoused sincerely held religious beliefs that conflicted with Defendant's policy.

66. Defendant allowed other unvaccinated employees without Plaintiff's religious beliefs to be exempted from Defendant's vaccine mandate policy.

67. Plaintiff's sincerely held religious beliefs qualifies her as a member of a protected class.

68. Plaintiff was qualified for the position.

69. Plaintiff was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite being unvaccinated.

70. Plaintiff was terminated and replaced with employees of different religious beliefs.

71. Defendant also terminated Plaintiff based on Defendant's own subjective standard of religiosity, thus directly discriminating against Plaintiff's unique sincerely held spiritual beliefs.

72. EEOC Guidance states that ("[t]he definition of 'religion' under Title VII protects both traditional and nontraditional religious beliefs . . . including those that may be unfamiliar to employers.")

73. Religious beliefs need not be "acceptable, logical, consistent or comprehensible to others" and the law "leaves little room for a party to challenge the religious nature of an employee's professed beliefs."). *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 56 (1st Cir. 2002).

74. Defendant defied the law when it determined that some religious beliefs of its employees were valid and while others were bogus.

75. Plaintiff's religious beliefs played a factor in Defendant's decision not to hire her.

76. In discovery, Plaintiff will be able to investigate which types of religious beliefs Defendant found were acceptable and which types of religious beliefs Defendant discriminated against, thereby establishing evidence probative of discriminatory intent.

77. Plaintiff has suffered emotional and physical distress, mental and

physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the termination and will so suffer in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

c. Prejudgment interest;

d. Reasonable attorney's fees; and

e. Such other relief as in law or equity may pertain.

Respectfully Submitted,
HURWITZ LAW, PLLC

/s/ *Noah S. Hurwitz*
Noah Hurwitz (P74063)
Attorney for Plaintiff
340 Beakes St., Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com

Dated: June 24, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRITTANY ANNONI

    Plaintiff,

v.

COREWELL HEALTH D/B/A BEAUMONT HEALTH,

    Defendants.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
Attorneys for Plaintiff
340 Beakes St., Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, by and through her attorneys Hurwitz Law, PLLC, hereby demands a trial by jury, for all issues so triable.

        Respectfully Submitted,
        HURWITZ LAW, PLLC

        */s/ Noah S. Hurwitz*
        Noah Hurwitz (P74063)
        Attorney for Plaintiff
        noah@hurwitzlaw.com

Dated: June 24, 2025