UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY ANNONI,

       Plaintiff,                      Case No. 2:25-cv-11900

v.                                       Hon. Judith E. Levy

COREWELL HEALTH D/B/A
BEAUMONT HEALTH,

       Defendant.

---

| | |
|---|---|
| Noah S. Hurwitz (P74063)<br>HURWITZ LAW PLLC<br>*Attorneys for Plaintiff*<br>340 Beakes St. Ste. 125<br>Ann Arbor, MI 48104<br>(844) 487-9484<br>noah@hurwitzlaw.com | Thomas J. Davis (P78626)<br>Marianne J. Grano (P82901)<br>KIENBAUM HARDY VIVIANO<br>PELTON & FORREST, P.L.C.<br>*Attorneys for Defendant*<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>tdavis@khvpf.com<br>mgrano@khvpf.com |

---

## **RULE 26(f) JOINT DISCOVERY PLAN**

     Plaintiff BRITTANY ANNONI ("Plaintiff") and Defendant COREWELL HEALTH D/B/A BEAUMONT HEALTH ("Defendant") through their respective counsel of record, submit this Joint Discovery Plan. Appearing for the parties as counsel will be Noah S. Hurwitz for Plaintiff and Thomas J. Davis for Defendant.

     **1)**     **Related Case:** This case is not related to any other pending civil case.

2) **Jurisdiction:** The Eastern District of Michigan has jurisdiction over the Title VII of the Civil Rights Act of 1964 ("Title VII") claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the Elliott-Larsen Civil Rights Act ("ELCRA") claims pursuant to 28 U.S.C. § 1367. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b)(1) because it is the judicial district in which Defendant is incorporated and where the allegations of the Complaint allegedly took place.

3) **Plaintiff and Defendant's Factual Summary and Summary of Factual and Legal Issues:** Counsel drafted the following summaries of their respective positions and the principal factual and legal issues. The signatures on this document are not admissions to the validity of any claim or defense set forth, do not constitute a waiver of any claims or defenses in the pleadings, and do not indicate agreement with any of the facts or legal issues presented.

**Plaintiff:** Plaintiff was to begin her position as Telehealth Nurse on January 27, 2025. Prior to Plaintiff's start date, she applied for a religious accommodation to Defendant's Vaccine Policy. Plaintiff submitted to Defendant a letter titled "Assertion of Religious Exemption to Vaccination" in which she explained her religious beliefs and how they conflicted with the Vaccine Policy (the "Exemption Letter"). Plaintiff included in the Exemption Letter multiple references to Biblical scripture to support her religious beliefs. The Exemption Letter includes suggestions

for reasonable accommodations to the Vaccine Policy. Defendant did not explain to Plaintiff why her accommodation requests could not be granted. Defendant did not explore available reasonable alternatives to the vaccine. As a remote worker, it would have been impossible for Plaintiff's religious accommodation to present an undue hardship to Defendant.

**Defendant:** Corewell policy outlines vaccine requirements for On-site, Remote, and Hybrid team members. Plaintiff applied for the Hybrid position of Telehealth Nurse, which was not a fully remote position. All positions classified as Hybrid positions require the Tdap vaccine (Tetanus, diphtheria, and acellular pertussis), which is the vaccine at issue, not the COVID vaccine as Plaintiff's complaint suggests.

Plaintiff initially indicated her willingness to comply with Corewell's immunization policy, but then reversed course. She submitted a letter that referenced "masking" instead of vaccination. Corewell determined that Plaintiff's desire to avoid the Tdap vaccine could not be reasonably accommodated and would be an undue hardship. Because she did not meet the vaccination requirements, she was not eligible for the position of Telehealth Nurse. There was no religious discrimination.

4) **Amendment of Pleadings:** At this juncture of the case, the parties do not anticipate amendments to the Complaint or Answer.

3

5) **Discovery.**

a. **Initial Disclosures:**

Initial disclosures pursuant to FED. R. CIV. P. 26(a)(1)(A) shall be served by September 26, 2025.

b. **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to particular issues:**

Discovery will be needed on issues of liability, defenses, and damages. The parties propose that discovery be completed within eight (8) months of the issuance of the scheduling order, or by May 18, 2026. The Parties believe the issues for discovery are adequately framed by Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses. Plaintiff anticipates deposing decision-makers. Defendant anticipates deposing Plaintiff. The attorneys will evaluate the need for additional depositions after the initial depositions have been taken. Defendant anticipates requiring expert testimony; Plaintiff currently does not expect to need expert testimony. On expert testimony, the parties agree to the following:

a. Any expert witness whose testimony relates to liability that a party may call at trial, or utilize in a dispositive motion or response to a dispositive motion, must be disclosed no later than sixty (60) days before the close of discovery, and the expert must also provide the opposing party with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

b. Any expert witness whose testimony relates to damages only that Plaintiff may call at trial must be disclosed on a supplemental

4

        witness list filed by Plaintiff within thirty (30) days after the Court's ruling on any dispositive motion or, in the absence of such a motion, no later than ninety (90) days before trial. The expert must also provide Defendant with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

    c.    Any expert witness whose testimony relates to damages only that Defendant may call at trial must be disclosed on a supplemental witness list filed by Defendant within thirty (30) days after receipt of Plaintiff's damages expert's report. The Defendant's expert(s) must also provide Plaintiff with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

    d.    Once a listed expert witness has provided his/her written report, either party may notice the expert's deposition for a date, time, and location to be agreed upon by the parties, but any such deposition must be completed no later than fourteen (14) days before trial.

    e.    Fed. R. Civ. P. 37(c)(1) shall apply to a party's failure to list an expert witness.

**6) Limitations on Discovery:** At the present time, the Parties do not foresee any need to modify the limitations on discovery or the discovery requirements set forth by the Federal Rules of Civil Procedure, including the number of depositions, the length of any such depositions, or the number of interrogatories.

**7) Electronic Discovery:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties agree that electronic information shall be produced in a format that is compatible with common software such as Microsoft Word, Excel, and

Adobe. Alternatively, electronic data may be produced in a hard copy format if the paper copy does not result in loss of data. If discovery of ESI becomes more complex than currently anticipated, the parties shall craft a method for obtaining ESI in a manner that promotes transparency and efficiency while reducing the expense for any party. The parties also reserve the right to request production of ESI in its original or native format subject to the parties' rights and obligations under the Federal Rules of Civil Procedure.

    **8)**     **Discovery Disputes:** The parties have no outstanding or anticipated discovery disputes as this time.

    **9)**     **Privilege or Protected Materials:** The Parties have not identified any specific issues regarding claims of privilege or production of trial preparation material at this time. The Parties will move for the entry of an appropriate protective order.

    **10)**     **Insurance**: None applicable.

    **11)**     **Settlement:** The parties will select a mediator prior to the dispositive motion deadline.

    **12)**     **Consent:** The parties do not agree to having a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

    **13)**     **Trial:** This case is to be tried before a jury.

Respectfully submitted:

| | |
|---|---|
| /s/*Noah S. Hurwitz (by permission)* | /s/*Thomas J. Davis* |
| Noah S. Hurwitz (P74063) | Thomas J. Davis (P78626) |
| HURWITZ LAW PLLC | Marianne J. Grano (P82901) |
| Attorneys for Plaintiff | KIENBAUM HARDY VIVIANO |
| 350 Beakes St., Ste. 125 | PELTON & FORREST, P.L.C. |
| Ann Arbor, MI 48103 | 280 N. Old Woodward Ave., Ste. 400 |
| (844) 487-9489 | Birmingham, MI 48009 |
| | (248) 645-0000 |
| *Attorney for Plaintiff* | tdavis@khvpf.com |
| | mgrano@khvpf.com |
| | *Attorneys for Defendant* |
| Dated: September 18, 2025 | Dated: September 18, 2025 |

582829

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2025, I filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all the parties of record.

/s/Thomas J. Davis
Thomas J. Davis (P78626)
KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
tdavis@khvpf.com